## Ayres *v.* Wanamaker, Appellant.

*Negligence—Hatchway in sidewalk—Evidence—Contributory negligence.*

In an action against the proprietors of a department store to recover damages for personal injuries, it appeared that in the public pavement alongside of the store there was a hatchway.   The hatchway was surrounded by a booth with doors which gave access to and from the street into the booth.   There was evidence that the door of the booth through which plaintiff entered, supposing that it was an entrance to the store, was so constructed that it swung in, and not out, and that on the outside of it there was a catch or hook that was fastened when

plaintiff approached the door. There was nothing to show that plaintiff either observed it, or that it was so placed and of such a character, that an ordinarily prudent person would have observed it; nor was there any evidence showing that plaintiff met with any resistance in opening the door. The witness who testified as to the existence of the catch stated that the plaintiff simply pushed open the door and entered. After passing the door the plaintiff fell down the hatchway and was injured. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 17, 1908. Appeal, No. 239, Jan. T., 1907, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1903, No. 520, on verdict for plaintiff in case of Harry H. Ayres v. John Wanamaker et al., trading as John Wanamaker. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAGILL, J.

At the trial it appeared that on February 25, 1903, plaintiff approached the defendant's department store in the city of Philadelphia and entered a booth, supposing it to be an entrance to the store, and fell into an open hatchway and was injured.

The plaintiff described the accident as follows:

" A. I went down Market street around the south side of City Hall, and went in what I supposed was the storm entrance, being the month of February and rather a cold day. With opening the door I fell down this opening, this hole. Q. Just tell us what were the doors; what shape were they, if you recall? A. They were swinging doors, and, as I said before, they looked to all appearances to me as an entrance to the store, and, in fact, there were several along there. I took it for granted that they were all an entrance, because I never had been in Juniper side before. . . . Q. What size was the opening? A. I presume about four feet square, maybe four or five feet. Q. How deep was it? A. As near as I have learned since, it was eight or ten feet; of course, I have no way of measuring. Q. Where were the outside doors as respects the edge of this opening? A. Directly on the edge, possibly an inch and a half or two inches different; that is all. That was simply for a sill there, I suppose, directly on the ·edge. You

put your foot in the door and down you go. Q. You used the words 'swinging;' what do you mean by that? A. I presume they swung both ways. I didn't try both ways. I only tried one way. Q. When you said 'swinging,' you meant both ways? A. I presume they swung both ways. I don't know positively. I never examined the doors. Q. Which way did they swing when you went in? Did you open it in or open it out? A. To my knowledge, I think I pushed it in, as near as I remember. Q. Was there anybody there to warn anybody about these doors or to call attention to what the place was? A. No, sir, there was not. Q. Any sign there or anything of the kind? A. No, sir."

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,750. Defendant appealed.

*Error assigned* was in not giving binding instructions for defendant.

*Maurice W. Sloan*, for appellant, cited: Clopp v. Mear, 134 Pa. 203; Elliott v. Pray, 92 Mass. 378.

*Francis Shunk Brown*, of *Simpson & Brown*, with him *Arthur S. Minster*, for appellee, cited: Bush v. Johnston, 23 Pa. 209; Clopp v. Mear, 134 Pa. 203.

OPINION BY MR. JUSTICE STEWART, March 2, 1908:

The only assignment we have here to consider relates to the action of the court in refusing judgment non obstante. Whether it was negligence in the defendant to maintain a hatchway in the public pavement alongside his building, such as that into which the plaintiff fell, with no other protection than a booth, resembling in a general way the ordinary storm door inclosing it, and with nothing more to warn the public against the use of the door of the booth for entrance into the building than was shown in the case, was certainly a question for the jury. The right to maintain such hatchway beyond the building line is not questioned; but an opening of this character in such a place, is so manifestly a source of danger to the public using the pavement, and especially to those seeking entrance to

the building, that a duty devolves upon the party maintaining it, to put about it such guards as will afford reasonable protection, and such warnings as will be notice of any concealed danger. Whether the defendant did what was required of him in this regard, was not for the court to determine as matter of law, since the law has no fixed standard by which the plaintiff's duty could be measured. However partial and imperfect the plaintiff's testimony was, in regard to the character of the door at the entrance to the booth and the general situation, still, accepting the description given by him as correct as far as it went, we cannot say that the facts did not warrant an inference of negligence. The same may be said with respect to the question of contributory negligence on part of the plaintiff. What the law required of him was reasonable care under the circumstances. One could hardly be charged with want of ordinary care, if in entering one of the many doors of a large department store, he failed to look down to see whether his next step would lead him into the store or into an open hatch-way. If the door he entered had the appearance of a door through which the public was invited to enter, he would have the right to presume, in the absence of any notice to the contrary, that he could pursue his course in safety. He would be lacking in the care required of him, if he attempted an entrance through a door in disregard of indications which would be sufficient notice to persons of ordinary prudence and circumspection, that it was intended for other uses. The fact relied upon chiefly by the defendant to charge plaintiff with contributory negligence, was that the door of this particular booth, according to the testimony of a witness called by defendant, was so constructed that it swung in and not out, and that on the outside of it there was a catch or hook that was fastened when plaintiff approached the door. The sufficiency of this catch or hook as a means of protection to the public, whether as a guard or notice, might well be questioned. There is nothing in the evidence showing that plaintiff either observed it or that it was so placed and of such a character, that the ordinary prudent person would have observed it; nor is there any evidence showing that plaintiff met with any resistance in opening the door. The witness who testified that the catch was there, saw the plaintiff enter the booth, and according to his testimony,

the plaintiff simply pushed open the door and entered. He indicated nothing unusual in the degree of force applied.

The case was clearly for the jury on both questions; and it was committed to them with very full and clear instructions as to the law.

Judgment affirmed.